(43 App. Div. 264.)

### JORDAN v. McGILL.

(Supreme Court, Appellate Division, Fourth Department.  September 20, 1899.)

1. APPEAL—DEFECT OF PROOF—MOTION PAPERS.

    Facts set forth in motion papers cannot be considered by the supreme court for the purpose of supplying a defect in proof offered on the trial below.

2. TAXATION OF DOGS—KILLING—BURDEN OF PROOF.

    County Law, § 113 (1 Rev. St. [Banks & Bros.' 9th Ed.] p. 629), provides for the taxation of dogs, to be assessed and collected as other taxes, and that, if any person assessed shall refuse or neglect to pay the tax within five days after demand therefor, it shall be lawful for any person, and it shall be the duty of the collector, to kill the dog.  Section 116 provides that, in any action brought for killing of any dog, it shall be incumbent on plaintiff to prove that the tax imposed on such dog, if any, has been paid.  *Held*, in an action to recover for killing plaintiff's dog, the plaintiff need not prove in the first instance that the dog was assessed and that the tax had been paid.

3. APPEAL—STATING GROUNDS OF OBJECTION.

    Where, on a trial of an action in a justice court, the defendant moved to dismiss a complaint on the ground that the plaintiff had not proven facts sufficient to constitute a cause of action, without pointing out specifically the defect, he cannot for the first time on appeal seek a reversal for a defect which he did not point out before the justice.

Appeal from Monroe county court.

Action by Edwin Jordan against Joseph W. McGill to recover for the malicious killing of plaintiff's dog.  From a judgment of the justice in favor of plaintiff, defendant appealed to the county court, where it was affirmed, whereupon defendant appealed to this court.  Affirmed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

George H. Harris, for appellant.

Hiram R. Wood, for respondent.

McLENNAN, J.   The action was brought to recover damages for the willful and malicious killing of a dog belonging to the plaintiff.  The evidence before the justice of the peace tended to show that the killing of the dog was willful and malicious, and without any just cause or provocation, and was sufficient to show that the dog was worth the sum of $100.   The complaint alleges that on or about the 19th day of August, 1896, the defendant unlawfully, willfully, and maliciously shot and killed the dog of the plaintiff, of the value of $200, and judgment is demanded for that amount, besides the costs of the action.   The answer is a general denial.   Upon the issues so framed the parties entered upon the trial.   The plaintiff gave evidence tending to show that he was a resident of the town of Perinton, in the county of Monroe; that he had owned the dog in question for three years; and that on the 19th day of August, 1896, as the defendant was passing the plaintiff's house, he deliberately, willfully, and maliciously killed the dog.   Evidence was given by the plaintiff which amply justified the conclusion that the dog was worth at least $150.   At the close of the plaintiff's evidence the defendant moved

60 N.Y.S.—3

to dismiss the complaint, upon the ground that the plaintiff had not proven facts sufficient to constitute a cause of action. The defect in the proof, as claimed by the defendant, is that the plaintiff did not prove that he had paid the tax upon his dog, but that point was not specifically raised. The motion to dismiss the complaint was denied by the justice. The defendant then gave evidence as to the value of the dog, the manner of his killing, seeking to show that he killed the dog in order to protect his own dog or property. The evidence being closed, the defendant again moved for a dismissal of the plaintiff's complaint, upon the ground that facts sufficient had not been proven to entitle the plaintiff to recover, without calling the attention of the justice to the precise defect in the proof which it is now claimed existed. The justice rendered a decision in favor of the plaintiff, awarding him the sum of $100 as the value of the dog, besides the costs of the action. From that judgment an appeal was taken to the county court of Monroe county, and, after hearing the counsel for the respective parties, the judgment of the justice of the peace was affirmed, with costs.

It will be observed that, by the provisions of the "County Law," so called (1 Rev. St. N. Y. [Banks & Bros.' 9th Ed.] p. 628, § 110, tit. "Tax on Dogs"), it is provided:

"Each board of supervisors, except in counties having a population of eight hundred thousand or over, may fix and impose a tax on dogs within the several cities and towns in its county. Such taxes shall be assessed, collected and applied in the manner provided by sections one hundred and thirteen and one hundred and fourteen of this chapter. If they do not exercise the powers herein conferred, the following provisions, so far as they relate to the taxation of dogs and the manner of collecting the same, shall apply to such county and the towns therein."

Section 111 provides for the rate of taxation, if not fixed by the board of supervisors. Section 112 provides that the owner and possessor of every dog liable to such tax shall, whenever required by any assessor, deliver to him a written description of every such dog owned or possessed by him, and that for every neglect in that regard he shall forfeit five dollars. Section 113 provides how the dog tax shall be collected, as follows:

"The assessors of every town, city or ward shall annex to the assessment roll of real and personal estate therein, made by them annually, the name of each and every person liable to the tax imposed thereby, together with the number of bitches and dogs for which such person is assessed, and return the same to the supervisors of their respective towns, cities or wards, to be laid by each supervisor before the board of supervisors, to be assessed and collected in the same manner as other state, county and town taxes are collected; and if any person duly assessed shall refuse or neglect to pay the tax so assessed, within five days after demand therefor, it shall be lawful for any person, and it shall be the duty of the collector, to kill the dog so taxed."

Section 114 of the act provides how the tax shall be applied. Section 115 provides for the fees of the collector. Section 116 provides as follows:

"When Payment of Tax to be Proved. In any action brought for the killing of any dog it shall be incumbent on the plaintiff in such action to prove that the tax imposed upon such dog, if any, by the provisions of this article has been paid."

In the case at bar no proof was made, so far as the record shows, that the tax upon the plaintiff's dog had been paid, although by the motion papers, which may not be considered by us, it distinctly appears that such tax had been paid, and it also clearly appears, and is admitted by defendant's counsel, that the question was raised before the justice in such manner, if raised at all, as not to call the attention of the justice or of plaintiff's counsel to the point of defendant's motion.

Notwithstanding section 116 of the act above quoted, we are of the opinion that the plaintiff was not required in the first instance to allege or prove that the tax had been paid. By the statute, all dogs are not taxable. Those under four months of age are not taxable. In such an action, it is not necessary to allege in the complaint or prove in the first instance that the dog was not taxable, in order to recover. It did, however, appear in this case, by the cross-examination of the plaintiff, that his dog was more than four months old, and that he had owned him for a period of three years; but, that fact appearing then for the first time, it would seem that, if it was intended to take advantage of that fact, the attention of the justice and of plaintiff's counsel should have been called to it.

Again, if the whole statute be read together, it would seem clear that the owner of a dog is only required to pay the tax when it has been assessed according to section 113 of the act. It would be a very forced construction to hold that the owner of a dog, who failed for half a day, an hour, or a moment to pay the tax after he became liable to pay the same, might be deprived of his property by reason of such failure. Section 113 provides that, in case the owner of a dog shall neglect or refuse to pay the tax assessed within five days after demand, it shall be lawful for any person to kill such dog. We are of the opinion that it was not the intention of the legislature to place the burden upon the owner of a dog of proving, not only that he had paid any tax assessed, but also that the dog had not been assessed or that the dog was not taxable. We are also of the opinion that, under the rules of practice governing the trial of actions in justice's court, the defendant is not in a position to raise the question for the first time upon appeal that the plaintiff failed to prove that the tax in question had been paid. Having reached the foregoing conclusion, it is unnecessary to determine whether or not the section of the statute referred to is constitutional. It follows that the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs. All concur.